946 F.2d 1563
 292 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Aaron Clinton ATKINS, Appellant,
v.
DEPARTMENT OF JUSTICE, et al.
 No. 90-5095.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 18, 1991.
 
 Appeal from the United States District Court for the District of Columbia, C.A. No. 88-00842; Lamberth, J.
 Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's grant of summary judgment in favor of the Drug Enforcement Administration (DEA) be affirmed. The question whether DEA complied with the Freedom of Information Act's (FOIA) time limitations in responding to Aaron Atkins' request is moot because DEA has now responded to this request. See Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987). The district court properly determined the documents containing information provided by informant Ronald "Moon" Moore were exempt from disclosure pursuant to section 552(b)(7)(D) of FOIA without conducting an in camera inspection of those documents. See Lesar v. Department of Justice, 636 F.2d 472, 492 (D.C.Cir.1980).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.